| GAS 245B | (Rev. 06/18) Judgment in a Criminal Case |
| DC Custody TSR | |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 SEP 21 AM 11:28
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| George Mack Bird, III | Case Number: 3:18CR00005-1 |
| | USM Number: 21957-021 |
| | Jason Malone Ferguson and Robert McLendon, IV |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Counts   1 and 2 .

☐ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

☐ was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846;<br>21 U.S.C. § 841(a)(1); and<br>21 U.S.C. § 841(b)(2) | Conspiracy to distribute and dispense controlled substances | June 3, 2015 | 1 |
| 18 U.S.C. § 371;<br>21 U.S.C. § 841(a)(1); and<br>18 U.S.C. §1956(a)(1) | Conspiracy | June 3, 2015 | 2 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts 1 through 176 of Indictment Number 3:17CR00001 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

September 18, 2018
Date of Imposition of Judgment

Signature of Judge

Dudley H. Bowen, Jr.
United States District Judge
Name and Title of Judge

September 21, 2018
Date

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>100 months. This term consists of terms of 60 months as to Count 1 and 40 months as to Count 2, to be served consecutively to produce a total term of 100 months.</u>

☒ The Court makes the following recommendations to the Bureau of Prisons: It is recommended that the defendant be designated to the appropriate Bureau of Prisons facility in Edgefield, South Carolina, subject to capacity or any other regulation affecting such a designation.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: <u>3 years. This term consists of terms of 3 years supervised release as to each of Counts 1 and 2, to be served concurrently.</u>

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*
7. ☐ You must make restitution in accordance with 18 §§ U.S.C. 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(Check, if applicable.)*
8. You must pay the assessment imposed in accordance with 18 § U.S.C. 3013.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. You shall not maintain more than one financial institution account or be a signor on a financial institution account without the prior approval of the probation officer.

5. You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

6. You must inform any employer or prospective employer of your current conviction and supervision status.

7. You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

8. A curfew is imposed as a special condition of supervised release. You must comply with the conditions of a curfew from 10:00 p.m. until 6:00 a.m. for the period of supervision. During this time, you will remain at your place of residence at all times and shall not leave except when such leave is approved in advance by the probation officer.

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | JVTA Assessment * | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $200 | N/A | $20,000 | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: George Mack Bird III
CASE NUMBER: 3:18CR00005-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $20,200 due immediately. Further, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court. Payments shall be applied in the following order: (1) assessment, (2) fine principal, and (3) fine interest.

## FORFEITURE ORDER

At the time of the defendant's guilty plea, on March 21, 2018, this Court entered a Consent Order of Forfeiture, forfeiting the defendant's interests in extensive properties enumerated therein. The defendant unequivocally agreed to forfeit to the United States all of his right, title and interest to said Property pursuant to his Plea Agreement approved by the Court on that day.

However, two days before the guilty plea hearing, a third-party claimant, Lisa Bird, had filed a Notice of Claim in an *in rem* civil forfeiture proceeding, Civil Action No. CV 316-020, S.D. Ga., which involves the Properties forfeited by the defendant. The presiding judge was unaware of this claim at the time the Consent Order of Forfeiture was entered on March 21, 2018. On April 18, 2018, Claimant Lisa Bird filed an Answer in CV 316-020. No action was taken in CV 316-020 since the case had been stayed since April of 2016 pending resolution of the related criminal case. Prior to the sentencing hearing, Claimant Lisa Bird, who is proceeding pro se, sent by United States Certified Mail on September 15, 2018, a "Motion to Set Aside Judgment and Reopen Ancillary Proceedings" to be filed in this criminal case. The "Motion to Set Aside Judgment and Reopen Ancillary Proceedings" was not received, opened and docketed by the Clerk in Augusta, Georgia, until the sentencing hearing was underway in Dublin, Georgia, on September 18, 2018. Through her motion, Claimant Lisa Bird specifically seeks to have the Consent Order of Forfeiture of March 21, 2018, set aside.

The Court's Consent Order of March 21, 2018, is hereby incorporated into this Judgment by specific reference in accordance with Federal Rule of Criminal Procedure 32.2(b)(4)(B). Pursuant to that Consent Order, the forfeiture of the subject Property is final with respect to the property interests of the defendant. Property interests affected by the Consent Order of Forfeiture, however, remain inchoate and unresolved with respect to any third-party claimant, particularly Claimant Lisa Bird, until such time as the civil proceeding, CV 316-020, is concluded. Claimant Lisa Bird must be given a meaningful opportunity to present her claim in the ancillary proceeding. Thus, the Consent Order of Forfeiture, incorporated by specific reference herein, is not dispositive as to the property interests, if any, of third parties.

Henceforth, all proceedings, claims, and pleadings relating to any or all of the property interests described in the Consent Order of March 21, 2018, shall be made through civil action, CV 316-020, so that all parties in interest may be availed of due process of law in a proper forum. The resolution of any third-party claim shall be announced in the Final Order and Judgment in CV 316-020. No disposition of any of the Properties enumerated in the Consent Order of March 21, 2018, shall be made except upon further Order of the Court in CV 316-020.